UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTINETTE BROWN,<br><br>  Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>  Defendant | Case No.: Number 3:25-cv-343-KDB<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## **INTRODUCTION**

1. Plaintiff, Antinette Brown, brings this action against Defendant, Experian Information Solutions, Inc., (hereinafter 'Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. This case arises from Experian's failure to conduct a reinvestigation of inaccurate and disputed credit information and its continued publication of false data on Plaintiff's credit report, causing direct harm to her ability to obtain housing and resulting in financial and emotional damages.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) as Plaintiff resides in this district and the events giving rise to these claims occurred within this district.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

5. All conditions precedent to the bringing of this action have been performed.

6. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b)(1) and 28 U.S.C § 1391(b)(2) because a substantial part of the events, omissions or conducts giving rise to Plaintiff claim occurred in this judicial district. Defendants transact business in Concord, North Carolina.

7. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C § 1367.

## PARTIES

8. Plaintiff, Antinette Brown ("Brown"), is a natural person and consumer as defined by 15 U.S.C § 1681a(c), residing Concord, North Carolina.

9. Experian Information Services, Inc., hereinafter ("Experian") is a consumer reporting agency as defined in 15 USC 1681a(f) and is engaged in the business of assembling and disseminating credit reports concerning consumers, as defined in 15 USC 1681a(d)(1) of the Fair Credit Reporting Act to third parties.

10. Upon information ad belief Experian is a limited liability company with its principal place of business located in Costa Mesa, CA.

11. Upon information and belief, Experian is an entity which, for monetary fees, dues or subscriptions, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

12. The acts of the Defendant as described in the Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting withing the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## BACKGROUND OF THE FCRA

13. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy. See 15 U.S.C § 1681.

**FACTS OF THE COMPLAINT**

14. On or about March 18, 2025, Plaintiff pulled her Experian consumer report and discovered that a tradeline reported by LVNV Funding LLC was inaccurately marked with a "disputed" status, even though Plaintiff never filed a dispute with Experian. *See* **Exhibit A**.

15. On or about March 25, 2025, Plaintiff mailed a written dispute to Experian disputing the accuracy of a tradeline report by LVNV Funding, LLC. Plaintiff requested that the false disputed remark be removed. *See* **Exhibit A**.

16. The disputed account contained an inaccurate "disputed" remark, even though Plaintiff never submitted a formal dispute through Experian before the remark was added.

17. Plaintiff's written dispute requested a reinvestigation and the deletion of the account due to false information and improper reporting practices.

18. The dispute was delivered on March 31, 2025, at 1:53 PM. Which was confirmed by USPS tracking number **9505511734225084587078**.

19. Experian failed to acknowledge, open, or complete an investigation of the written dispute within the 30-day timeframe mandated by FCRA § 1681i(a)(1)(A).

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

20. As of the date of this complaint, Experian has failed to remove or correct the inaccurate information and continues to report the LVNV Funding tradeline with the "disputed" remark, despite being on notice of its falsity. *See* **Exhibit B**.

21. Due to Experian's conduct, Plaintiff has suffered damages including denial of housing applications, being forced to rent temporary housing (Airbnb), pay storage fees, and experience significant emotional distress. *See* **Exhibit C**.

22. Plaintiff has incurred financial losses including rental costs, storage unit fees, and emotional distress due to prolonged housing instability.

23. Experian's conduct has caused serious and ongoing harm to Plaintiff's creditworthiness, financial stability, and emotional well-being.

## CLAIMS FOR RELIEF

### Count I – Violation of FCRA § 1681i(a)

24. Plaintiff realleges and incorporates by reference the preceding paragraphs.

25. Defendant violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of Plaintiff's dispute within 30 days after receiving notice of the dispute.

26. Defendant's failure to respond or take corrective action after receiving Plaintiff's dispute constitutes a willful and/or negligent violation of the FCRA.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

### Count II – Violation of FCRA § 1681e(b)

27. Plaintiff realleges and incorporates by reference the preceding paragraphs.

28. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiff's credit file.

29. Defendant's continued publication of a false and disputed remark constitutes inaccurate reporting under the FCRA.

### DAMAGES

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages including loss of housing, out-of-pocket expenses, emotional distress, and reputational harm.

31. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court:

    a. Award actual damages in an amount to be determined at trial;

    b. Award statutory damages as provided by the FCRA;

    c. Award punitive damages for willful noncompliance;

d. Order the deletion of the LVNV Funding tradeline from Plaintiff's credit file;

e. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 13th of May 2025.



_____
*Pro Se*

Antinette Brown
190 Mid Cape ST SW Apt 307
Concord, NC 28027
antinettebrown716@yahoo.com

COMPLAINT AND DEMAND FOR JURY TRIAL - 7